Judge Ewing

delivered the Opinion of the Court.
This is a suit brought by Offutt, against Twyman, on a covenant of warranty of soundness of a slave, sold by the latter to the former.
On the trial, Hilery Offutt was introduced by the plaintiff, by whom he offered to prove the unsoundness of the slave. He was objected to by the counsel for the defendant, on the score of interest, and Samuel Carson introduced as a witness to prove his interest; who stated that, Hilery Offutt and the plaintiff both acknowledged to him, that Hilery was interested in the profits, of a lot of slaves carried to the south, of which the slave in question was one. The plaintiff then introduced Hilery, and offered to prove that he had no interest, direct or indirect, in the event of the suit, and had none at the commencement of the suit; and offered also to prove by Hilery, that the witness, Carson, was mistaken as to the lot of slaves in which he, Hilery, was interested.”
The Court permitted the plaintiff’s counsel to ask the witness, Offutt, “whether his interest, as proven by Carson, had ceased, but refused to permit him to examine the witness so as to contradict the statement made by Carson."
The interest of a witness may be extracted from himself on the voir dire, or proven by a disinterested witness, at the election of the party objecting to his testimony. But when he refuses to examine the witness objected to, but elects to examine other witnesses to prove his interest, and has succeeded in doing so, the witness proved to be interested, is rendered as incompetent to be examined by the opposite party, to purge himself of his interest, or explain it away, before the Court, as to be exam *44 ined in chief before the jury. The law will not trust him in the one case more than in the other.
that had been sent to the south, of which the slave in question was one: this does not prove the witness incompetent; he may have had such an interest, and none in the event of the suit. To disqualify him it should have been shown, that he was interested with the pl’tf in his purchase, or in the damages he was suing for.
A mere sub-purchaser of a slave has no interest in his vendor’s contract of purchase, that disqualifies him as a witness for the latter, in a suit upon his contract of purchase : a waranty does not run with a slave as it does with land.
And though the proof of the declarations of the objected witness, out of Court, are incompetent to establish his interest, the acknowledgments of the party introducing him, as to his interest, are as competent to prove it, as they would be to establish any other fact, on the trial in chief.
But the interest, to exclude, must be a direct interest in the event of the suit, clearly made out by the party objecting. In doubtful cases, it has always been permitted to go to the credit rather than to the competency.
In this case, the proof, that the witness was interested in the profits of a lot of slaves, carried to the south, of which the slave in question was one, does not necessarily prove that he was interested in the event of the suit. He may have no interest in the original purchase, or in the contract sued on, or in the damages sought to be recovered ; yet, by subsequent contract with the plaintiff, have become interested in the profits of the slave, with others, carried to the south for sale.
Had the plaintiff after he became owner of the slave, sold the half or the entire interest, to the witness, he might be truly said, not only to be interested in the slave, but, in case she was taken to the south and sold, interested in her profits, yet have no interest, direct or indirect in the covenant of warranty sued on, or in the event of the suit upon it. If fraud was practised upon him, in the sale of the slave in part or whole, or her soundness warranted, his remedy lies upon his own contract, and cannot be increased or diminished by the success or failure of the plaintiff in the action upon the covenant of warranty upon his contract of purchase: as warranties in the sale of slaves do not run with the slave, as in the sale of real estate.
To exclude the witness, therefore, as incompetent, it should have been proven, that he was an original dormant partner, or by subsequent contract, became interested in the original purchase of the slave, or in the covenant of warranty of soundness,’ or the damages sought to be recovered thereon. And though the evidence may tend to *45 prove such interest, it does not necessarily establish it; and the testimony should, therefore, have been permitted to go to the jury, leaving them to give that credit to it, under the circumstances of the case and proofs tending to impeach it, which they might deem right.
Judgment reversed, and cause remanded, that a new trial may be granted, without the payment of costs, and the plaintiff in error is entitled to his costs in this Court.