Todd
vs.
Luckett.

---

Todd *vs.* Luckett.                         Case 21.

APPEAL FROM FRANKLIN CIRCUIT.

1. By the Code of Practice, (*sec.* 670,) a party to the record, who is not interested in the issue involved, is a competent witness.

2. To render a witness incompetent, as a general rule, he must have a direct and certain interest in the event of the suit; if he is neither to be gainer or loser by the suit, and the verdict cannot be used as evidence in his favor, he is competent; a contingent doubtful interest goes only to his credibility. (3 *Marshall*, 106; 4 *Dana*, 106; 9 *Ib.* 43; 5 *B. Monroe*, 57, *ante*, 87.)

3. Luckett and D. Todd were sued by S. Todd to recover money alledged to be paid by the plaintiff as their surety; Todd suffered judgment to go by default, and was offered as a witness by the plaintiff to prove the liability of the defendant, Luckett, who denied his liability to the plaintiff as his surety, or his liability for the debt alledged to have been paid; the witness was objected to as incompetent and excluded: Held, that the witness was competent—that the objection only went to his credibility, he having no direct or certain interest in the issue.

[The facts of the case are stated in the opinion of the court.—REP]

*James Harlan* for appellant—

The only question is, whether the court erred in refusing to permit Dabney Todd to be examined as a witness?

He was a competent witness for the plaintiff according to the *Code of Practice, sec.* 670. It was argued in the circuit court, that the witness was interested in making Luckett a partner, and thereby lessening his own responsibility; but there is no weight in that objection. The record in this case could not be used in any controversy between Luckett and Dabney Todd. If it were the interest of the latter to establish a partnership he would have to do it by testimony other than his own. Nothing that Dabney Todd could say, as between Samuel Todd and Benjamin Luckett, would be of any permanent or even temporary benefit to D. Todd.

But D. Todd was a defendant in the action, and the Code of Practice gives to a plaintiff the right to examine a defendant as a witness, of which right the plaintiff cannot be deprived. Judgment had been entered against the witness, and his responsibility to the plaintiff for the whole debt and costs was fixed. That responsibility could neither be enlarged or diminished by any evidence which he might give

against or for another defendant; he was not interested in the issue between Samuel Todd and Luckett; he was not to be a gainer or looser by the result.

It seems to me, therefore, the circuit court erred in excluding the witness, and in instructing the jury to find for the defendant.

*Geo. W, Craddock* for appellee—

The only question in the cause is, whether the circuit court did right to refuse to permit Dabney Todd to testify as a witness for the plaintiff? I contend that he was directly interested in the event of the suit. By his evidence it was proposed to change the entire nature of the transaction, and the rights of the parties, by which change Luckett would be compelled to pay Dabney Todd's debt, and then look to Dabney Todd to be reimbursed.

The transaction, as shown by the notes exhibited in the petition, is wholy different from the state of case which the plaintiff proposes to make. In the first note Luckett is only a surety with Samuel Todd and Graham, and upon the second note his name does not appear, in fact he was no party to it.

The question of interest does not depend upon the fact whether the record of this suit would conclude Luckett in a suit between himself and Dabney Todd; it was not in that point of view that the objection was made. The interest consists in making Luckett responsible to the creditor of the witness, and compelling him to pay the debt, and thereby force Luckett to pursue Dabney Todd, (who is insolvent,) to recover back the money.

Judge SIMPSON delivered the opinion of the court.                    June 17, 1857

This was an action brought by the appellant against Luckett and Todd to recover money which he alledged he had paid for them as surety. A judgment by default was rendered against the defendant Todd, and the other defendant filed an answer, in

which he denied that the plaintiff was his surety, or that the debt which he had paid was his debt, or that he was liable for it. On the trial of the issue thus made up between the parties, the plaintiff offered the defendant Todd as a witness, who was rejected by the court as incompetent. His admissibility as a witness is the only question presented in the case for our determination.

The fact that the witness was a party to the record did not render him incompetent. The law on this subject has been changed by the Code of Practice, (*section* 670,) and those only who are interested in the issue, in behalf of themselves, are excluded as witnesses. Unless, therefore, the witness was interested in the trial of the issue he was not incompetent.

1. By the Code of Practice, (*sec.* 670,) a party to the record, who is not interested in the issue involved, is a competent witness.

As a general rule a witness must have a direct and certain interest in the event of the suit to render him incompetent; if he is neither to gain nor loose by the event, and the verdict cannot be used as evidence in his favor, he is competent; a contingent, doubtful interest goes only to his credibility. (*Miller vs Field*, 3 *J. J. Mar.* 106; *Higgins vs Morrison's exor's*, 4 *Dana*, 106; *Offutt vs Twyman*, 9 *Dana*, 43; *Clark vs Robinson*, 5 *B. Monroe*, 57, *ante* 87.)

2. To render a witness incompetent, as a general rule, he must have a direct and certain interest in the event of the suit; if he is neither to be gainer or loser by the suit, and and the verdict cannot be used as evidence in his favor, he is competent; a contingent, doubtful interest goes only to his credibility. (3 *Mar.* 106; 4 *Dana*, 106; 9 *Ib.* 43; 5 *B. Monroe*, 57, *ante*, 87.)

Could the witness, in this case, gain or lose let the trial of the issue have resulted either way? He was liable for the whole debt, and if a verdict and judgment against the defendant would, as between him and the witness, render him responsible for one-half of the debt, the witness had a certain and direct interest on the side of the plaintiff; but if it would not have this effect; if the witness would, notwithstanding the verdict and judgment against the defendant, remain liable to the latter for whatever he might be compelled to pay in this action, then he could not derive any benefit from the recovery by the plaintiff of a judgment against the defendant.

3. Luckett and D. Todd were sued by S. Todd to recover money alledged to be paid by the plaintiff as their surety; Todd suffered judgment to go by default, and was offered as a wit-

The verdict and judgment in this case would not be evidence in favor of the witness, in an action by

the defendant to recover against him the amount he had been compelled to pay. His liability would not be affected by the proceedings in this case, but would be determined independently of them, by extrinsic testimony.

What then is the ground of the incompetency of the witness? He is not discharged from liability to the plaintiff, by a judgment against the defendant; notwithstanding such a judgment he is still liable to the plaintiff for the whole debt. If there be a judgment against the defendant, and he has the debt to pay, the witness is still liable to him for the whole amount, and also the costs of the trial, which, to that extent, increase his liability. He has no interest therefore, on the side of the plaintiff, unless it can be regarded as an advantage to him to subject the defendant to the payment of the debt in the first instance. But even this benefit, if it be one, may not result from a judgment against the defendant; the judgment against the witness may be enforced, whilst the judgment against the defendant in the issue might remain uncollected.

The witness, in a case like the present, has sometimes been held to be incompetent, because, in an action against him by the defendant, the latter would have to rely upon the judgment, which would be *prima facie* evidence that he was jointly liable to the plaintiff for the amount, and it would devolve upon him to repel this presumption by other testimony. It was upon this ground that the witness was held to be incompetent in the case of *Latham vs Kenniston*, 13 *New Hamp. Rep.* 203.

The judgment in this action would be evidence of the fact of its rendition against the defendant, in an action by him against the witness, and he would have a right to use it, to prove that he had been compelled to pay the debt, and to show the amount he had paid. But if he could establish his cause of action without making use of the judgment, it could not be used as evidence by the defendant, because

*ness by the pl'ff to prove the liability of the defend't, Luckett, who denied his liability to the pl'tff as his surety, or his liability for the debt alledged to have been paid ; the witness was objected to as incompetent and excluded: Held that the witness was competent ; that the objection only went to his credibility, he having no direct and certain interest in the issue.*

the mere fact that such a judgment was rendered would not be essential to any defense he would have a right to rely upon, and it could not be used for any other purpose, as he was not a party to the issue.

Besides, it does not follow as a matter of course, if a judgment should be recovered against the defendant that it would be paid by him, and not by the witness in the first instance; and if it should be paid by the latter he cannot, as has been shown, derive any benefit from it in any action he may bring against the defendant for contribution. In such an action he might use the judgment against himself, to show its existence and amount, but he could not make any use of the judgment against the defendant.

Conceding that the judgment, if used in an action by the defendant against the witness, would furnish presumptive evidence of a joint liability, and that no recovery could be had until that presumption was repelled by other proof, still the same evidence only would be required to establish a separate liability, and a right of recovery against the witness, that would be necessary in the absence of the judgment. Considering, then, the uncertainty of its use by the party who would alone have the right to use it, the fact that the witness would have no right to use it, and the nature of the supposed benefit the witness might derive from it, if used, he has not such a certain interest in the event of the suit as to render him incompetent, but his attitude, and the possible advantage he might derive from a judgment against the defendant, should go alone to his credibility, according to the modern doctrine, that in cases of doubtful and uncertain interest the objection shall affect the credibility of the witness and not his competency.

Upon this question, and those analagous to it, the decisions are contradictory. In the cases of *Lockhart vs Graham, Strange* 35, and of *York vs Blott,* 5 *Maule & Selwyn,* 71, it was held, that in an action on a bond

or note, against one of several obligors, another of the obligors was competent for the plaintiff, to prove the execution of the writing; and in the cases of *Blackett vs Wier*, 5 *Barn. & Cress.* 385, and of *Hall vs Curzon*, 9 *Barn. & Cress.* 646, it was decided, that a witness who admitted he was liable as a partner, and who was called by the plaintiff to prove that the defendant also had a share in the concern, was competent to prove that fact.

On the other hand the cases of *Brown vs Brown*, 4 *Taunt.* 752; *Mant vs Mainwaring*, 8 *Taunt.* 139; *Ripley vs Thompson*, 12 *Moore*, 55 ; and *Coal Man. Co. vs Dutch*, 13 *Pick.* 125, decide that in an action on a joint contract one of the partners is not admissible against the other, to prove that he is jointly liable for the debt.

In the case of *Benedict vs Heron*, 18 *Wendell*, 491, the possible benefit that might result to the witness, from a judgment against the defendant, is regarded as not amounting to that legal certainty which is required by law to create a disqualification. This opinion best comports with the disposition now almost universally manifested, as well in legislation as in judicial decisions, to diminish the number of objections to the competency of witnesses, and to let such as are founded on a remote and contingent interest or benefit affect their credibility alone.

The witness may have a strong bias in favor of the plaintiff, and may wish to subject the defendant to a joint liability with himself for the plaintiff's demand. He may, also, expect some benefit from the result of the trial, by charging the defendant with a proportion of the debt, in consequence of his inability to show in another action that the witness was alone responsible for it. Such circumstances may influence his mind, and affect his credibility, they ought, therefore, to be carefully considered by the jury, who are to determine the weight and credit to which his testimony is entitled; but they do not render him incom-

petent. The circuit court erred, therefore, in excluding him as a witness.

Wherefore, the judgment is reversed, and the cause remanded for a new trial in conformity with this opinion.